1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TELUS Corporation, a Canadian          No   C 07-3434 VRW
corporation,
                                       ORDER
          Plaintiff,

          v

DENNIS WATSON,

          Defendant.
_____/

          Plaintiff TELUS Corporation alleges that defendant
obtained certain videos in which plaintiff owned the copyright
under Canadian law.  Plaintiff alleges that defendant posted those
videos on YouTube without permission.  Defendant filed a short
motion to dismiss arguing that because all the parties to this
lawsuit are Canadian and have no connection to the United States,
the court should dismiss for improper venue.  The court interprets
defendant's submission as a motion to dismiss on the ground of
*forum non conveniens*.

          Plaintiff is a Canadian corporation with its principal
place of business in British Columbia.  Doc #1 at ¶1.  Defendant is
an individual residing in British Columbia and representing himself

in this litigation. Doc #1 at ¶2. Plaintiff alleges that defendant obtained videos of plaintiff's sales promotional events and other internal speeches and presentations. Doc #1 at ¶¶10, 17. Plaintiff alleges that it owns the copyrights in those videos under Canadian copyright law. Doc #1 at ¶¶8, 11-12, 17-18; Doc #26 at 2 n1. Plaintiff alleges that defendant, without plaintiff's consent, uploaded to YouTube excerpts of the copyrighted videos. Doc #1 at ¶¶13-15, 19-21. Plaintiff also alleges that defendant posted other videos which were not themselves copyrighted but which contained copyrighted photographs and images of plaintiff's "officers, representatives and employees." Doc #1 at ¶¶23, 26-27. Plaintiff alleges that defendant's video postings (approximately ten in all, see Doc #27 Exh C) infringe plaintiff's copyrights in violation of 17 USC § 101 et seq.

Once plaintiff learned of defendant's YouTube postings, plaintiff initiated the takedown process laid out in the Digital Millennium Copyright Act ("DMCA"), 17 USC § 512(c). On June 1, 2007, plaintiff notified YouTube that twenty-six of defendant's posted videos infringed plaintiff's copyrights. Doc #27 Exh A. YouTube disabled access to those videos. On June 2, 2007, defendant sent YouTube a counternotice under 17 USC § 512(g) demanding that YouTube restore access to the videos. Defendant's counternotice addressed twenty-three of the videos and asserted that plaintiff did not own copyrights in those videos. Doc #27 Exh B. Defendant claims he never posted the three remaining videos. Doc #29 at ¶14.

Hence, the sole connection to the United States and the Northern District of California of this dispute between these

Canadian parties over Canadian materials appears to have occurred when the posting, take down notice and counternotice touched down at YouTube's server in San Bruno, California.  It seems under the circumstances that the dispute should bounce back to Canada.

In addition to this, the complaint's allegations of a Canadian copyright are sketchy at best, leading to a question whether plaintiff has alleged a claim upon which relief may be granted.  As the court need not reach this issue and any jurisdictional issues if this court is an inconvenient forum, the court requests plaintiff to address the *forum non conveniens* issue first.

Accordingly, plaintiff is ORDERED TO SHOW CAUSE in writing not later than September 11, 2008, why this action should not be dismissed for *forum non conveniens*; defendant may file a reply no later than September 25, 2008, at which time the matter will stand submitted.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

3