Ronald F. Lopez (SBN 11756)
Sushila Chanana (SBN 254100)
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111–3600
Tel.: 415.984.8200
Fax: 415.984.8300

Robert E. Krebs (SBN 57526)
Christopher L. Ogden (SBN 235517)
Nixon Peabody LLP
200 Page Mill Road, 2nd Floor
Palo Alto, CA  94305–2022
Tel.: 650.320.7700
Fax: 650.320.7701

Attorneys for Plaintiff
TELUS CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TELUS CORPORATION, a foreign corporation,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>DENNIS WATSON, an individual,<br><br>　　　　Defendant. | Case No.:  3:07-cv-03434 (VRW)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TELUS CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY**<br><br>Date:　　November 12, 2009<br>Time:　　10:00 a.m.<br>Judge:　　Honorable Vaughn R. Walker<br>Location:　Courtroom 6, 17th Floor |

　　　　Plaintiff TELUS Corporation ("TELUS") hereby submits this memorandum of points and authorities in support of its Motion for Summary Judgment as to Liability.

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS ..................................................................................................... 2

    A. TELUS Sales Kickoff Videos ................................................................................... 2

    B. Other TELUS Copyright Materials ........................................................................... 2

    C. Mr. Watson Posted TELUS' Copyright Materials on YouTube ................................ 2

    D. Subsequent Admissions of Copying by Mr. Watson ................................................. 4

III. ARGUMENT .......................................................................................................................... 5

    A. This Court May Grant Summary Judgment on the Issue of Copyright Infringement if TELUS Can Show There Is No Genuine Issue as to (1) Ownership of the Copyright, and (2) Copying. ................................................................................................................. 5

    B. TELUS Owns the Copyright to the Infringing Clips because TELUS Produced and Directed Their Creation, and TELUS Holds Copyright Registrations for Them in Canada. .......................................................................................................................... 6

        1. Canadian Law Applies to the Issue of Ownership. ............................................ 6

        2. TELUS Owns the Copied Works Because They Were Authored by TELUS Employees Acting Within the Scope of Their Employment. ............................. 7

        3. TELUS Has Ownership of the Infringing Clips Because Its Copyright Registrations Entitled It to a Rebuttable Presumption of Ownership. ............... 9

    C. There Is No Genuine Dispute that Mr. Watson Has Copied the Infringing Clips, because (1) Mr. Watson Admits to Copying, and (2) the Copied Works are Direct Copies of the TELUS Originals. ................................................................................ 10

        1. There is Direct Evidence of Mr. Watson's Copying ....................................... 11

        2. There is Indirect Evidence of Mr. Watson's Copying ..................................... 13

IV. CONCLUSION ..................................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Designer Skin, LLC v. S & L Vitamins, Inc.*,
    2008 U.S. Dist. LEXIS 68467 .................................................................................................. 14

*Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*,
    109 F.3d 1394 (9th Cir. 1997) .................................................................................................. 11

*Dunn & Fenley, LLC v. Allen*,
    2004 U.S. Dist. LEXIS 24300 (D. Or., 2004) .......................................................................... 15

*Ellison Educ. Equip., Inc. v. Chen*,
    2004 U.S. Dist. LEXIS 26947 (C.D. Cal. 2004) ...................................................................... 14

*Half-Day v. Perot*,
    1994 U.S. App. LEXIS 25269 (9th Cir. 1994) ........................................................................ 11

*Itar-Tass Russian News Agency v. Russian Kurier*,
    153 F.3d 82 (2d Cir. 1998) .................................................................................................. 6, 10

*Kelly v. Arriba Soft Corp.*,
    336 F.3d 811 (9th Cir. 2003) ...................................................................................................... 5

*Lahiri v. Universal Music & Video Distrib., Inc.*,
    513 F. Supp. 2d 1172 (C.D. Cal. 2007) ..................................................................................... 6

*Lauritzen v. Larsen,*
    345 U.S. 571 (1953) ................................................................................................................. 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ................................................................................................................... 5

*Melton v. Oy Nautor Ab,*
    1998 U.S. App. LEXIS 22100 (9th Cir. 1998) ("Federal district courts. . . apply foreign
    law routinely and our procedures are adequate for the purpose.") ........................................... 7

*Metcalf v. Bochco*,
    294 F.3d 1069 (9th Cir. 2002) .................................................................................................. 13

*Microsoft Corp. v. Image & Bus. Solutions, Inc.*,
    2007 U.S. Dist. LEXIS 76519 (C.D. Cal. 2007) ................................................................. 5, 12

*Smith v. Jackson*,
    84 F.3d 1213 (9th Cir. 1996) .................................................................................................... 13

*Swirsky v. Carey*,
   376 F.3d 841 (9th Cir. 2004) .......................................................................................... 11, 14

*T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n.*,
   809 F.2d 626 (9th Cir. 1987) ................................................................................................ 5

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) .............................................................................................. 11

**STATUTES**

17 U.S.C.
   §§ 501, 106 ......................................................................................................................... 11
   §§ 501, 106(1) .................................................................................................................... 15
   §§ 501, 106(5) .................................................................................................................... 16
   § 512(c)(3) ............................................................................................................................ 4
   § 512(g)(2)(C) ...................................................................................................................... 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 44.1 ........................................................................................................................ 7

Fed.R.Civ.P. 56(c) ......................................................................................................................... 5

-iii-

## I. INTRODUCTION

In 2004, TELUS produced and directed a set of video recordings of an internal promotional event held in Montreal, Quebec, Canada. TELUS owns registered copyrights in these unpublished videos. Defendant Dennis Watson obtained these videos from a former TELUS employee, and acting without authorization, he copied excerpts of these videos to create seven (7) video segments and posted them on YouTube.com ("YouTube"), a video broadcasting website owned by Google Inc. Mr. Watson also posted four (4) other videos on YouTube that still frames from these TELUS videos, as well as other copyrighted TELUS works.

TELUS is entitled to summary judgment of copyright infringement because (1) it is the clear owner of these videos and other copyrighted materials, and (2) Mr. Watson clearly copied and distributed these materials via YouTube. First, there is no genuine issue of material fact that TELUS is the owner of these copyrighted materials. TELUS is clearly the author, and has obtained copyright registrations on all these materials in Canada. Second, there is no genuine issue of material fact that Mr. Watson has copied these materials. In moving papers submitted by Mr. Watson, he has already admitted to uploading and posting TELUS' copyright-protected videos on YouTube. He has also publicly admitted to copying these materials on a radio program. (Chanana Decl., ¶ 9; Ecker Decl., Ex. 1 [transcript of radio program].) That Mr. Watson copied these TELUS works cannot, in any event be disputed, because the works posted to YouTube directly correspond to the original TELUS videos, and are direct copies.

For the reasons set forth more fully herein, there is no genuine issue of material fact as to copyright infringement, and TELUS is entitled to summary judgment. Accordingly, this Court should grant TELUS' motion for summary judgment as to Mr. Watson's liability for copyright infringement as to eleven (11) video clips he posted on YouTube.

1

## II. STATEMENT OF FACTS

### A. TELUS Sales Kickoff Videos

In January 2004, TELUS hosted an internal promotional event in Montreal, Quebec, Canada, regarding, among other things, its voice over internet protocol ("VoIP") initiative. (Purit Decl. ¶ 2.) Several videos were made during the event ("TELUS Sales Kickoff Videos"), including videos relating to TELUS' VoIP initiative, and included videos of the "TELUS Idol" entertainment event, which was a spoof of the American Idol television series. (*Id.*; *see* Puritt Decl. ¶ 3.) TELUS Sales Kickoff Videos were produced and directed by TELUS (Puritt Decl. ¶ 4), with TELUS employee Ron Puritt served as the Executive Producer and Director. (Pearce Decl., ¶¶ 3-4.) TELUS has obtained Canadian copyright registrations for the TELUS Sales Kickoff Videos. (Beauchamp-Tremblay Decl. ¶¶ 2-3, 6, Exs. A-B)

### B. Other TELUS Copyright Materials

TELUS also holds Canadian copyright registrations for portraits of Mr. Brian Canfield, chairman of the board of TELUS, and Mr. Darren Entwistle, Chief Executive Officer of TELUS. (Beauchamp-Tremblay Decl. ¶¶ 4-5, 6, Exs. C-D  These portraits were photographed in February 2004 by Karen Mackenrot, a TELUS employee (Mackenrot Decl. ¶¶ 3-4), and were available on TELUS' website at http://about.telus.com circa 2004-06. (Chanana Decl. ¶ 6)

### C. Mr. Watson Posted TELUS' Copyright Materials on YouTube

TELUS made the TELUS Sales Kickoff Videos available internally to its employees. (Puritt Decl. ¶ 4.) Subsequently, TELUS learned that Mr. Watson had obtained certain of those videos and posted them on YouTube. (Puritt Decl. ¶ 6.) Mr. Watson did not obtain consent from TELUS to reproduce or distribute the videos or any portions thereof. Id.  Mr. Watson has posted to YouTube at least eleven (11) video segments (hereinafter called "Infringing Clips") which contain content copyrighted by TELUS. These video clips are listed in the following table:

-2-

| # | Video Name Used by Mr. Watson on YouTube[1] | Infringed TELUS Copyright[2] |
|---|---|---|
| 1 | TELUS Idol Part 1 | Portion of TELUS Sales Kickoff Videos<br>Canadian Copyright Registration # CIPO 1070057 |
| 2 | TELUS Idol Part 2 | Portion of TELUS Sales Kickoff Videos<br>Canadian Copyright Registration # CIPO 1070057 |
| 3 | TELUS Idol Skaterboy Finale | Portion of TELUS Sales Kickoff Videos<br>Canadian Copyright Registration # CIPO 1070057 |
| 4 | TELUS Idol Extended Version Part 1 | Portion of TELUS Sales Kickoff Videos<br>Canadian Copyright Registration # CIPO 1070057 |
| 5 | TELUS Idol Extended Version Part 2 | Portion of TELUS Sales Kickoff Videos<br>Canadian Copyright Registration # CIPO 1070057 |
| 6 | TELUS Idol Remix Judges Part 1 | Portion of TELUS Sales Kickoff Videos<br>Canadian Copyright Registration # CIPO 1070057 |
| 7 | TELUS Idol Tryouts | Portion of TELUS Sales Kickoff Videos<br>Canadian Copyright Registration # CIPO 1070057 and 1070056 |
| 8 | Daren's Dream | Portion of TELUS Sales Kickoff Videos<br>Brian Canfield Portrait<br>Canadian Copyright Registration # CIPO 1070057, 1071360, 1070135, and 1070136 |
| 9 | Darren Entwistle on Cisco | Canadian Copyright Registration # CIPO 1071360 |
| 10 | Happy Scabbie | Portion of TELUS Sales Kickoff Videos<br>Canadian Copyright Registration # CIPO 1070057 and 1070135 |
| 11 | Darren Scare'em Union Bustin Blues | Portion of TELUS Sales Kickoff Videos<br>Canadian Copyright Registration # CIPO |

---

[1] Dkt No. 27, Exs. A-B

[2] See Decl., X. Bauchamp-Tremblay, Exbs. A – D.

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF TELUS' MOTION FOR SUMMARY JUDGMENT

12654313.11

| | | |
|---|---|---|
| | | 1070057, 1070135, and 1070136 |

On June 1, 2007, TELUS provided notification to YouTube that Mr. Watson had posted videos in which TELUS owned copyrights. ( Dkt No. 27-1, Ex. A.)  TELUS provided this notification in accordance with the express requirements of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c)(3). (Id.)  After TELUS submitted its notification, and after YouTube removed the videos from its website, Mr. Watson provided a purported "counter notification" to YouTube, citing DMCA § 512(g)(3). (Dkt No. 27-2, Ex. B.)  TELUS thereafter filed the instant action against Mr. Watson alleging copyright infringement on June 29, 2007, as required by the DMCA.  *See* 17 U.S.C. § 512(g)(2)(C). (Puritt Decl., ¶ 17.)

### D. Subsequent Admissions of Copying by Mr. Watson

Throughout the course of the litigation, Mr. Watson has repeatedly admitted to using TELUS' copyright materials in the Infringing Clips he posted on YouTube. For example, in his Counter-notification (Re: Mistaken Removal) to YouTube, dated June 2, 2007, he delineates all of the TELUS copyright-protected videos he posted on to YouTube. Dkt No. 27-2, Ex. B.  In his Reply Brief, he states, "I posted ex[c]er[p]ts from TELUS Idol on YouTube."  Docket No. 29 at 1: 23 ("Reply Brief").  In a document called "Traverse," he states, "…I posted a link to TELUS Idol on YouTube."  Docket No. 31 at 3: 5.  In his "Response to [TELUS'] Subpoena [on Google]," he states, "I did post short ex[c]er[p]ts from TELUS Idol on YouTube," Docket No. 45 at 2: 11 – 12.

Additionally, Mr. Watson Mr. Watson admits that he posted the Infringing Clips on YouTube on a radio program.[3]  Docket No. 21, Ex. C.  During this radio program interview Mr. Watson also

---

[3] *See* Decl., Ecker, Exhibit 1 [Transcription of Mr. Watson's Audio CD, which includes portions of the radio program; submitted as Exhibit C to Docket No. 21 by Mr. Watson]; *see also* Decl., S. Chanana, ¶¶ 4-5, Exs. B-C [Mr. Watson admits that the statements he made during the radio program were true and correct].

-4-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF TELUS' MOTION FOR SUMMARY
JUDGMENT

12654313.11

affirmatively states that TELUS created the videos Mr. Watson used almost entirely unaltered in the Infringing Clips. (Decl., Ecker, Ex. 1 at 3:24 - 25 (Transcript of Mr. Watson's radio program)). He even admits that some of the copyright videos were created during TELUS' training seminar. *Id.*, at 4: 5 – 7. In fact, Mr. Watson also states, "[T]echnically they [TELUS] could claim copyright to that [the TELUS Sales KickOff Videos]" *Id.*, at 4:13 – 14.

### III. ARGUMENT

#### A. **This Court May Grant Summary Judgment on the Issue of Copyright Infringement if TELUS Can Show There Is No Genuine Issue as to (1) Ownership of the Copyright, and (2) Copying.**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In a motion for summary judgment, "if the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit, or as otherwise provided in Rule 56, '*specific facts* showing that there is a genuine issue for trial.'" *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987), citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). To defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

To prove copyright infringement, the plaintiff must show (1) ownership of the copyright; and (2) copying by the defendant. *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) (granting plaintiff's motion for summary judgment for copyright infringement); *see also Microsoft Corp. v. Image & Bus. Solutions, Inc.*, 2007 U.S. Dist. LEXIS 76519, 16-18 (C.D. Cal. 2007) (same). As

-5-

discussed below, there is no genuine issue of material fact that TELUS is the owner of a copyright on the Infringing Clips. There is also no genuine issue that the Infringing Clips have been copied by Mr. Watson. Therefore, TELUS is entitled to summary judgment of copyright infringement as a matter of law.

### B. TELUS Owns the Copyright to the Infringing Clips because TELUS Produced and Directed Their Creation, and TELUS Holds Copyright Registrations for Them in Canada.

#### 1. Canadian Law Applies to the Issue of Ownership.

Because both parties are Canadian residents and the Infringing Clips were created in Canada, Canadian law applies to the issue of ownership. *See Itar-Tass Russian News Agency v. Russian Kurier*, 153 F.3d 82, 91 (2d Cir. 1998). In *Itar-Tass*, the court applied conflict of laws principles, and noted that because "[c]opyright is a form or property," ownership should be determined by the law of the forum with "the most significant relationship to the properties and the parties." *Id.* Thus, "[s]ince the works at issue were created by Russian nationals and first published in Russia, Russian law is the appropriate source of law to determine issues of ownership of rights." *Id.*; *see also Lahiri v. Universal Music & Video Distrib., Inc.*, 513 F. Supp. 2d 1172, 1176 n. 4 (C.D. Cal. 2007) (applying Indian law to a U.S. copyright infringement suit because India was the work's country of origin). As with the works at issue in *Itar-Tass* and *Lahiri*, the ownership of the Infringing Clips in this case is governed by foreign law.

Clearly, Canadian law has the most significant relationship with the Infringing Clips. The original works at issue were created solely in Canada by TELUS. *See* Puritt Decl., ¶ 3 ("The TELUS Sales Kickoff Videos were produced by TELUS…in Canada."); *see also* Mackenrot Decl., ¶¶ 3 – 4 ("I took the portrait[s]… in Vancouver, British Columbia, Canada."). In addition, both TELUS and Mr. Watson are residents of Canada. (TELUS Complaint, Docket No. 1, ¶¶ 1-2; Mr. Watson's

-6-

Answer, Docket No. 21, ¶ 33.)  Therefore, this Court should apply the law of Canada in determining the ownership of the Infringing Clips.

It is the Court's role to determine and apply the law of a foreign country.  *See* Fed. R. Civ. P. 44.1; *Melton v. Oy Nautor Ab,* 1998 U.S. App. LEXIS 22100, * 7 (9th Cir. 1998) ("Federal district courts. . . apply foreign law routinely and our procedures are adequate for the purpose.").  Under Canadian law, TELUS is the clear owner of copyrighted material that became part of the Infringing Clips because: (1) TELUS is the author of the copied works, which were created and authored by TELUS employees acting within the scope of their employment; and (2) TELUS holds Canadian copyright registrations for these works and therefore is entitled to a rebuttable presumption of ownership.

### 2. TELUS Owns the Copied Works Because They Were Authored by TELUS Employees Acting Within the Scope of Their Employment.

TELUS owns a copyright of the underlying works from which the Infringing Clips were copied, because these works were created by TELUS employees acting with the scope of their employment.  Section 13(3) of the Canadian Copyright Act provides, in part:

> Where the author of a work was in the employment of some other person under a contract of service or apprenticeship and the work was made in the course of his employment by that person, the person by whom the author was employed shall, in the absence of any agreement to the contrary, be the first owner of the copyright.

*R.S.C. 1985, c. C-42, s. 13*.[4]  In particular, the photographs registered as TELUS' Canadian Copyright Registration Nos. CIPO 1070135 (Brian Canfield's photo) and CIPO 1070136 (Darren Entwistle's photo) are portraits taken by Karen Mackenrot, Creative Services Specialist at TELUS, during the course of her employment at TELUS. (Mackenrot Decl. ¶¶ 3–4.)

---

[4] See Decl., X. Bauchamp-Tremblay, Ex. E  (Section 13 of the Canadian Copyright Act).

-7-

Under such circumstances, where the work of authorship occurred as part of an employee's job, Canadian law dictates that the copyright on the resulting works are owned by the employer. In *Schauenburg Industries Ltd. v. Borowski*, the Ontario Supreme Court cited [5] Section 13(3) of the Canadian Copyright Act and found that the employer was the first to own the copyright to the drawings its employees made during the course of their employment, and held that the employer was entitled to an injunction or damages or both for infringement of copyright. *See* 50 C.P.R. (2d) 69, (1979) at ¶¶ 35-36. ("[T]he employees of SRG made the drawings for the machines in Germany prior to 1970; and that they did so in the course of their employment with SRG…then it is conceded by counsel for the defendants that SRG would be the first owner of the copyright in the drawings and that the copyright would subsist in Canada. I find that SRG is still owner of such copyright."). Thus, the copyright to the Infringing Clips containing photographs taken by Ms. Mackenrot[6] are owned by TELUS.

Similarly, TELUS owns the copyright as to each of the Sales KickOff Videos because they were produced and directed by TELUS employee Ron Pearce, which he performed as part of his job. (Pearce Decl., ¶ 3-4; Puritt Decl. ¶ 3.) The content of the copyrighted videos includes the TELUS Sales Kickoff event, which was organized, scripted, and directed by TELUS employees. (*Id.*) This event was filmed in January 2004, at Montreal, Quebec. Mr. Pearce served as the Executive Producer and Director for the event, and supervised the contracted staff and crew to film and record the event for TELUS. (Pearce Decl. ¶¶ 2-3.)  Accordingly, because TELUS' employee produced and directed the TELUS Sales Kickoff Videos, TELUS also owns the copyright to these videos. *See Schauenburg*, *supra*.

---

[5] See Decl., X. Bauchamp-Tremblay, Ex. I.

[6] *See* Decl., Volker, Ex. A [chart comparing Infringing Clips to original TELUS works at issue].

The fact that TELUS owns the copyright on the original works that ended up in the Infringing Clips is not disputed. In fact, Mr. Watson has essentially admitted that TELUS owns the TELUS Sales KickOff Videos. In a radio program interview, Mr. Watson stated that "[t]his [TELUS company event] was a team TELUS training seminar in Montreal that they [TELUS] filmed," (Decl., Ecker, Ex. 1 at 3:24 - 25 (Transcript of Mr. Watson's radio program)),[7] "[T]his [TELUS event] was part of their [TELUS'] training manual…it was a training seminar," (*Id.*, at 4: 5 – 7), "[T]echnically they [TELUS] could claim copyright to that [the TELUS Sales KickOff Videos]," (*Id.*, at 4:13 – 14). Thus, Mr. Watson has admitted that TELUS owns the copyrights to the TELUS Sales KickOff Videos, and there can be no genuine dispute on that point.

Therefore, because TELUS produced and created the works at issue which Mr. Watson has copied, there can be no genuine issue of material fact as to the ownership of the copyrights to these works under Canadian law.

**3.      TELUS Has Ownership of the Infringing Clips Because Its Copyright Registrations Entitled It to a Rebuttable Presumption of Ownership.**

The ownership of the copyrights at issue is independently established because these copyrights are registered, and under Section 53(2) of the Canadian Copyright Act, R.S.C. 1985, c. C-42,[8] a rebuttable presumption exists that a copyright registration certificate "is evidence that copyright subsists in the work and that the person registered is the owner of such copyright." For example, in *Duomo Inc. v. Giftcraft Ltd.*,[9] the federal trial court of Canada found ownership of a copyright based on plaintiff's copyright registration, and enjoined defendant from producing commemorative china bearing the copyright material at issue. *See* 1 C.P.R. (3d) 165 (1984) at ¶¶ 7

---

[7] *See also* Decl., S. Chanana, ¶¶ 4-5, Exs. B-C (Mr. Watson admits that the statements he made during the radio program were true and correct).

[8] See Decl., X. Bauchamp-Tremblay, Ex. F (Section 53 of the Canadian Copyright Act).

[9] See Decl., X. Bauchamp-Tremblay, Ex. G.

-9-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF TELUS' MOTION FOR SUMMARY
JUDGMENT

12654313.11

and 14-18.  Similarly, in *Samsonite Canada Inc. v. Costco Wholesale Corp.*,[10] the federal trial court of Canada found that defendant could not rebut the presumption of copyright ownership created by plaintiff's copyright registration certificates by mere speculative and conclosory statements.  *See* 48 C.P.R. (3d) 5 (1993) at ¶¶ 2, 15-19.

Here, TELUS is listed as the owner of Canadian copyright registration numbers CIPO 1070057 and 1070056 (TELUS Sales Kickoff Videos), CIPO 1070135 (Brian Canfield's photo), CIPO 1070136 (Darren Entwistle's photo), and CIPO 10475151 (Darren Entwistle's video/speech during TELUS Sales Kickoff 2004). (Bauchamp-Tremblay Decl., Exs. A-D.)  Excerpts of the works covered by these copyright registrations are found in the Infringing Clips. (Volker Decl., ¶ 5 – 6.)  Accordingly, TELUS owns a copyright in all of the Infringing Clips by virtue of Section 53(2) of the Canadian Copyright Act.

### C. There Is No Genuine Dispute that Mr. Watson Has Copied the Infringing Clips, because (1) Mr. Watson Admits to Copying, and (2) the Copied Works are Direct Copies of the TELUS Originals.

Although Canadian law applies to the first issue of copyright ownership, U.S. law controls the second issue of infringement/copying. *See Lauritzen v. Larsen,* 345 U.S. 571, 583 (1953) (holding that the applicable conflicts principle governing infringement issues is *lex loci delicti* ("law of the place where the tort was committed")); *see also Itar-Tass* at 91 (*lex loci delicti* doctrine also implicitly adopted for infringement claims).

Under U.S. law, an alleged infringer "copies" copyright material when he/she violates at least one of the exclusive rights granted to copyright holders: (1) to reproduce the copyrighted work; (2) to prepare derivative works based on the copyrighted work; (3) to distribute copies of the copyrighted work to the public; (4) to perform the work publicly; and (5) to display the copyrighted work

---

[10] See Decl., X. Bauchamp-Tremblay, Ex. K.

-10-

publicly.  *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394 (9th Cir. 1997); 17 U.S.C. §§ 501, 106.  Copying may be proven by either direct or indirect evidence.  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000); *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004); *Half-Day v. Perot*, 1994 U.S. App. LEXIS 25269, * 3 (9th Cir. 1994).  Here, there is both direct and indirect evidence of Mr. Watson's copying, and this evidence is not subject to any genuine dispute of fact.

### 1.  There is Direct Evidence of Mr. Watson's Copying

The following list provides direct evidence of Mr. Watson's copying of TELUS' copyright materials:

- Mr. Watson's Counter-notification (Re: Mistaken Removal) to YouTube, dated June 2, 2007, in which Mr. Watson delineates all of the TELUS copyright-protected videos he posted on to YouTube. *See* Puritt Decl., ¶ 10; Dkt No. 27-2, Ex. B.
- Mr. Watson states, "I posted ex[c]er[p]ts from TELUS Idol on YouTube."  Docket No. 29 at 1: 23 ("Reply Brief");
- Mr. Watson states, "…I posted a link to TELUS Idol on YouTube."  Docket No. 31 at 3: 5 ("Traverse");
- Mr. Watson states, "I did post short ex[c]er[p]ts from TELUS Idol on YouTube," Docket No. 45 at 2: 11 – 12 ("Response to Subpoena");
- Mr. Watson admits that he posted the Infringing Clips on YouTube on a radio program.[11]

Additionally, Mr. Watson candidly admits that he infringed at least some of TELUS' copyright materials, as found in the following exchange between Mr. Watson and the radio host (Ms. Clark) of the radio program Mr. Watson appeared on:

> MS. CLARK: Now, it sounds to me, though, Dennis, that you've got – that they may have an argument for copyright infringement on some of the stuff, the things that they created –
>
> MR. WATSON: Yeah, the TELUS Idol.

---

[11] *See* Decl., Ecker, Exhibit 1 [Transcription of Mr. Watson's Audio CD, which includes portions of the radio program; submitted as Exhibit C to Docket No. 21 by Mr. Watson; *see also* Decl., S. Chanana, ¶¶ 4-5, Exs. B-C [Mr. Watson admits that the statements he made during the radio program were true and correct].

-11-

>          MS. CLARK: Sure.
>
>          MR. WATSON: That's true.
>
>          MS. CLARK: They created it…it belongs to them.

Decl., Ecker, Ex. 1 at 8:5-13 (Transcript of Mr. Watson's radio program).[12] Accordingly, by Mr. Watson's own admissions, there is no dispute as to the material fact that Mr. Watson copied and infringed TELUS' copyright materials.

In situations such as this, where the defendant has admitted to copying copyrighted material, summary judgment is appropriate. For example, in *Microsoft Corp. v. Image & Bus. Solutions, Inc.*, 2007 U.S. Dist. LEXIS 76519 (C.D. Cal. 2007), the court granted plaintiff's motion for summary judgment on its claim for copyright infringement. In *Microsoft*, the defendants admitted to distributing counterfeit copies of plaintiff's copyrighted software. *Id.*, at 16-18. The Microsoft court was satisfied that the defendants copied plaintiff's protected materials upon a showing of defendants' own admissions. *Id.*, at 16-18 (finding that defendants were "personally liable under the federal copyright. . .law[] for infringement of Microsoft's intellectual property rights," the court noted that "Defendants admit[ed] that they distributed, in commerce, counterfeit copies of Microsoft software."). Similarly, in *ICG-Internet Commerce Group, Inc. v. Wolf*, the district court granted summary judgment in favor of plaintiff for copyright infringement, where the defendant admitted to posting plaintiff's copyright videos online. 519 F. Supp. 2d 1014, 1018 (D. Ariz., 2007) ("Defendant Wolf admits that he 'posted the video' and 'allowed it to be viewed publicly.' (Dkt. 5, P 25). Defendant Wolf's posting of the Murphy Video to the Internet was an act of direct copying.").

---

[12] *Id.*

-12-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF TELUS' MOTION FOR SUMMARY
JUDGMENT

12654313.11

Proving copying was as simple as defendants admitting to the act of copying in the *Microsoft* and *ICG-Internet* cases, and just as those courts found defendants liable for copyright infringement, so too this court should find Mr. Watson liable for copyright infringement as a matter of law.

### 2. There is Indirect Evidence of Mr. Watson's Copying

In addition to the above direct evidence of copying, there is also indirect evidence of copying here. Indirect evidence for copying requires a plaintiff to prove: (1) defendant had "access" to the plaintiff's work; and (2) defendant's work and plaintiff's work are "substantially similar." See *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996); *Metcalf v. Bochco*, 294 F.3d 1069, 1072 (9th Cir. 2002). Mr. Watson had access to TELUS' copyright materials by Mr. Watson's own admissions. Mr. Watson admits that he received the original TELUS copyright videos from a friend and prior TELUS employee. Docket No. 21 at ¶ 14 ("[F]ormer TELUS employee Jeff Morris…was the employee that gave me the copy of the extended version [of the TELUS Sales Kickoff Videos] and asked that I do something about it."). Mr. Watson also submitted an audio CD to the court as part of Docket No. 21, Ex. C, which includes a radio interview of Jeff Morris. *See also* Decl., Chanana, Ex. C. Mr. Morris states during this interview, in relevant parts:

- "My name is Jeff Morris. And I'm actually the – I was the sales person at TELUS and I'm the one who acquired TELUS Idol." Decl., Ecker, Ex. 1 at 11:2-4 (Transcript of Mr. Watson's radio program);

- "I merely ordered it [the TELUS Idol video] through the TELUS media library." *Id.*, at 11:21-22; *see also* Decl., Puritt, ¶ 6 ("The TELUS Sales Kickoff Videos were made internally available to TELUS employees.");

-13-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF TELUS' MOTION FOR SUMMARY
JUDGMENT

12654313.11

- "I turned in all the copies I had of TELUS Idol, but there were some still out there. I acquired one and copies were made. I will not deny that." Decl., Ecker, Ex. 1 at 13:19-21.

The videos Jeff Morris took from TELUS and later copied without permission from TELUS were the same videos Mr. Watson used, mainly unaltered, in the Infringing Clips he uploaded on YouTube. *See* Volker Decl., ¶¶ 3-6. Furthermore, admissions by Mr. Watson that he obtained TELUS' copyright materials from a former TELUS employee, Jeff Morris, *combined with* admissions by Mr. Morris that he obtained TELUS' copyright materials from TELUS is ample and undeniable evidence that Mr. Watson had "access" to TELUS' copyright videos, namely the TELUS Sales KickOff Videos. *See e.g.*, *Ellison Educ. Equip., Inc. v. Chen*, 2004 U.S. Dist. LEXIS 26947 (C.D. Cal. 2004) (upon finding that the defendant conceded to receiving and seeing copies of the copyright materials, the court found that defendant had a "high degree of access" to the protected materials); *see also Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004) (the court found that defendant had access to the copyright materials based on defendant's own admissions). Additionally, since portraits of Mr. Canfield and Mr. Entwistle[13] were published in TELUS' public corporate documents, (Puritt Decl.,at ¶ 13), and because these portraits were available to the general public via TELUS' corporate website during the time Mr. Watson posted the Infringing Clips (Chanana, Decl., at ¶¶ 6-8),[14] Mr. Watson also had access to these TELUS-owned portraits. *See e.g., Designer Skin, LLC v. S & L Vitamins, Inc.*, 2008 U.S. Dist. LEXIS 68467 at *7 - *8 (D. Ariz. 2008) (finding

---

[13] TELUS' Canadian Copyright Registration Nos. 1070135 and 1070136. *See* Decl., X. Beauchamp-Tremblay, Exs. C-D.

[14] Additionally, in his Mistaken Removal Notice, Mr. Watson provides a chart and shows that the Infringing Clips which include Mr. Canfield's and Mr. Entwistile's portraits ("Darren's Dream" and "Darren Scare'em Union Bustin Blues") were added on to YouTube on September 2, 2006 and September 3, 2006, respectively. Dkt No. 27-2, Ex. B.

copyright infringement and noting that defendant had access to plaintiff's copyright materials, since it, "along with the rest of the public, had access to [plaintiff's] website.").

Similarly, Mr. Watson's postings on YouTube (i.e., the Infringing Clips) are "substantially similar" to the original TELUS videos and photographs TELUS has a copyright to. *See* Volker Decl., ¶ 5. TELUS compared the Infringing Clips against the original TELUS Sales Kickoff Videos and found them to be nearly identical. *Id*., Ex. A [chart comparing Infringing Clips to original TELUS works at issue]. Mr. Watson basically cut portions of the original TELUS Sales Kickoff Videos and pieced them together in some of the Infringing Clips, and in other Infringing Clips he combined TELUS Sales Kickoff Videos with portraits of TELUS employees. *Id*., ¶ 6. The videos Mr. Watson uploaded on to YouTube (i.e., the Infringing Clips) were primarily unaltered portions of either the TELUS Sales KickOff videos or TELUS' copyright portraits of Brian Canfield, chairman of the board of TELUS, and Darren Entwistle, Chief Executive Officer of TELUS. *Id*. Accordingly, TELUS has proven substantial similarity between its copyright works and the Infringing Clips. *See e.g., Dunn & Fenley, LLC v. Allen*, 2004 U.S. Dist. LEXIS 24300, 10-12 (D. Or., 2004) (holding that "plaintiff is entitled to summary judgment on the copyright infringement claim" primarily because "[a] side by side, segment by segment comparison of the copyrighted and allegedly infringing advertisement shows that the works are not just substantially similar, but are markedly so.").

Thus, TELUS has met the burden of proving copying by both direct and indirect evidence even though only one form of evidence is required. Additionally, when Mr. Watson copied the videos at issue by uploading and posting them on to YouTube as he so outspokenly admits in the pleadings noted above, Mr. Watson violated TELUS' exclusive right to reproduce, distribute, prepare a derivative work, and display its copyright work. *See ICG-Internet* at 1018 ("Defendant Wolf's posting of the Murphy Video to the Internet was an act of direct copying in violation of 17 U.S.C. §§

-15-

501, 106(1). The display of the Murphy Video on Defendant Wolf's website was an act of public display in violation of 17 U.S.C. §§ 501, 106(5) . . . Thus, the Court finds that Defendants Wolf and Prose infringed upon Plaintiff's rights to reproduce, publicly display, and prepare derivative works.").

## IV.  CONCLUSION

TELUS has shown that it owns the copyright to the materials used in the Infringing Clips based on its copyright registrations and its employment of the authors/creators of the works used in the Infringing Clips.  TELUS has also shown that Mr. Watson copied its protected materials based on Mr. Watson's own admissions that he posted portions of TELUS' copyright videos on YouTube.  Thus, there is no dispute as to the only two material facts here: (1) TELUS owns a copyright in the videos used in the Infringing Clips; and (2) Mr. Watson copied such videos.  Accordingly, TELUS' motion for summary judgment should be granted in its entirety.

Dated:  October 8, 2009                         NIXON PEABODY LLP

                                                /s/ Sushila Chanana
                                                Sushila Chanana
                                                Attorneys for Plaintiff
                                                TELUS CORPORATION

-16-

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF TELUS' MOTION FOR SUMMARY
JUDGMENT

12654313.11