**DENNIS J. WATSON**
**#27 9965 154 Street**
**Surrey, B.C.**
**Canada V3R 7V8**
Telephone: (604) 495-6869
E-mail: dennis_watson100@hotmail.com

**Defendant**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TELUS Corporation, a foreign corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>DENNIS WATSON, an individual,<br><br>        Defendant. | Case No.: C07-3434 (VRW)<br><br>**DEFENDANT'S RESPONSE TO THE PLANTIFF'S MOTION FOR SUMMERY JUDGEMENT** |

**Introduction**

Document 50.8 is the Plaintiff's proposed order. I submit that their proposed order is an admission of guilt. It cites 11 videos clips they want to remain off YouTube yet Matt Wilcox's letter to YouTube listed 23 of my videos which they had taken off. This proposed order admits that their initial application over reached and they knowingly and maliciously committed copy fraud. They exploited copyright laws to censor the Internet.

Ronald Lopez stated in writing that YouTube did not have to put any of the other videos back on YouTube because my counter notification was defective. Yet he used my counter notification when it suited him to argue I had agreed to jurisdiction. He did that to knowingly and successfully continue the copy fraud Matt Wilcox introduced.

Matt Wilcox committed perjury in her letter to YouTube and should be charged accordingly because that is what she gets paid to do. She set up her own company, hires herself out to large corporations and gets paid to abuse copyright laws to censor the internet on their behalf.

1  Their claim for costs is absolutely offensive when they are the ones who committed fraud
and perjury making this litigation necessary. They took 23 of my videos off YouTube and
2  I signed a computer generated form that said I object and they want me to pay their legal
costs. That is evil. We each pay our own costs. By rights they should pay mine plus
3  damages. That is what the courts awarded when the McLibel decision was appealed to
an International court.
4

5  Yet the only damages I seek is my right to post all the videos back on YouTube so my
reputation that they have defamed may be cleared.
6

7  If this court grants their proposed order, then I ask the court to make a second order
authorizing YouTube to put back all the other videos they had taken off not listed in their
proposed order. All the other videos have been censored from the Internet for two and a
8  half years. YouTube needs authorization from the court to put those videos back up.
However, please note that the names on seven of the eleven videos in their proposed
9  order are all variations of Telus Idol.
10

11  That name is in itself a copyright violation to which they do not own copyright to. Please
note that none of the 11 videos in their proposed order say anything about Telus VOIP
and has absolutely nothing to do with Voice Over Internet Protocol as they claimed in
12  their initial application. They committed perjury by falsely claiming it did and I plead with
the court for them to be charged with perjury. Failing to do so would be to mock justice.
13

14  The rules of the court state that when a lawyer knowingly commits perjury they must face
discipline for so doing. Not doing so would not remove the incentive for them to do it
15  again. Ronald Lopez could have played dumb. He could have said not having watched
any of the videos he did not know what the content was. Yet he repeated the name and
16  claim in a subsequent opposition brief after I pointed out the lie and asked him on the
phone if he had ever watched Telus Idol.
17

18  I do not want Ronald Lopez to lose his practice. Again. I want him to stop lying for
corporate criminals. Darren Entwistle and Matt Wilcox are the ones responsible for the
19  lies and should be the ones charged and held accountable for that perjury.

20  I also submit that for the Plaintiff's Motion for Summery Judgment to have merit, they
carry the burden of proof and must submit evidence that I did in fact commit a copyright
21  violation which they have not. Where are the video clips in their proposed order? They
have them. They gave me a copy of them after YouTube responded to their subpoena.
22  Instead of presenting them to the court for the court to see first hand if there was any act
of copyright infringement they kept them secret and had a radio interview with a local
23  radio station I submitted transcribed and submitted that instead.
24

25  They wanted to argue about the contents of Telus Idol for three days in court and I
objected saying it would take the court 20 minutes to watch the video clips and then be
able to conclusively decide whether or not any copyright violation was made. The court
26  directed the Plaintiff to file a Motion for Summery judgment and they still didn't fulfill their
burden of proof by submitting the video clips they want removed.
27

28

**Statement of Facts**

Document 51 is the Plaintiff's Memorandum of Points and Authorities in Support of Telus Corporation's Motion for Summary Judgment as to Liability. I have many concerns with it. The title - Liability. What about the liability for fraud, perjury and sexual harassment?

This document allows us to connect the dots and clearly see what the root of the problem really is. Their introduction claims there is no genuine issue of material fact that Telus is owner of these copyrighted materials. Indeed there is. They refuse to provide the court with a copy of "these" videos and they refuse to use their real name.

They claim that Telus has obtained copyright registration on all these materials in Canada. Aside from being false their own evidence shows it. Under the heading Statement of Facts on page two of document 51 it admits that Telus held an internal promotional event in Montreal, Quebec on January 2004.

It claims the "event" was regarding "among other things" it's voice over internet ("VOIP") initiative. As I have clearly stated the videos I posted on YouTube never had anything to do with Telus' voice over internet initiative. They may have made videos of that initiative during that conference. I have never seen them and I never posted them on the internet. They knew that. They used that name and description to fraudulently claim the contents of the videos I posted were of something they were not.

As I have said, Telus did not serve me with a copy of their application until after I was able to obtain a copy from YouTube and after I filed a response to the court objecting to the fact that I had not been served. They knew my home address. I gave it to their lawyer in Canada who I have corresponded with regularly about various issues that corporation has. Their intent was to proceed ex parte and lie about the contents of the video clips.

Their mentioning the fact that there may have been some videos of VOIP made during the sales conference is not relevant. I never posted those, if they do exist and they knew it. They mention it now to cover their tracks after having been caught committing perjury. Some of the videos I posted, the one's contained in their proposed order, were about the "among other things" they admit were made. They admit those videos were of the "Telus Idol" entertainment event which they admit was a spoof of the American Idol television series. (Document 51 page 2 line 7)

There we have it. The name of some of the video clips I posted is Telus Idol and was a spoof of the American Idol television series. "Spoofs" are not original works. They are copyright violations not subject to copyright protection. Their own evidence admits they have not obtained Canadian copyright registration of them. They registered something called Telus Sales Kickoff Videos. They have not produced any copyright registration for Telus Idol. They have not proven they own copyright to it because they don't.

The reason they haven't is because in Canada they deny Telus Idol exists. It was the subject of a sexual harassment complaint that never went anywhere. Those video clips are evidence in an ongoing campaign to stop sexual harassment at Telus which witnesses have testified has not stopped. Making these videos public is the only way we can get this behavior to stop.

Until now, legal threats and bully tactics have helped them continuously sweep their misdeeds under the carpet as they continue the behavior unchecked. Not only is this morally wrong, it is illegal. Abusing copyright laws to censor the internet is wrong. Abusing copyright laws to hide criminal behavior is in itself a crime.

Section D of document 51 claims that I have repeatedly admitted to using Telus' copyright materials in the Infringing clips. I have not. They quoted me three times as stating I posted exerts from Telus Idol on YouTube. My position has been consistent through out this litigation. Their position has not and has changed considerably the more facts they have been confronted with. Which is another clear example that the inappropriate behavior will not stop until the public is made aware of it and they are publically confronted with it.

Telus does not own copyright to every picture ever taken of Darren Entwistle or Brian Canfield. Look at the tabloids. Especially when the photos they claim copyright to have been reproduced throughout the internet in various news and media reports. Screen clips of Telus Idol are not protected by copyright neither are exerts or portions of it when a news media reports on its contents to the public. That is a First Amendment right.

I might add that the attached Exhibit "AA" is a poster Darren Entwistle recently circulated among his staff. It contains photos of the competitor's CEO and co head with quotes from them and a slogan at the bottom of the poster. Mr. Entwistle continuously violates copyright yet screams about it when he wants to censor something from the internet.

The eighth video listed in their proposed order, Darren's Dream is also clips from Telus Idol. The ninth video listed in their proposed order, Darren Entwistle on Cisco is a clip from yet another event when the CEO mocks the sexual orientation of a rival CEO.

The last two videos in their proposed order are of two songs, written and performed by an employee on the picket line with photos from the picket line. Throwing in a couple of pictures of the CEO and a couple of screen clips from Telus Idol does not give them copyright to our video. Letting them censor the internet is wrong.

Under Section 3 Rebuttable Presumption of Ownership in document 51 the Plaintiff cites The Canadian Copyright Act. This court is not in Canada. This is an American court. They chose the venue. A rebuttable presumption does not satisfy the burden of proof required to grant a Motion for Summery Judgment in a U.S. court.

In addition, their application of the Canadian law is flawed. The Plaintiff has failed to produce a registration certificate for Telus Idol. They provided registration certificates for Telus Sales Kick off videos which is very different than Telus Idol. Please also note that the date of their fake registration of these videos is 2009 and are unpublished when they were deactivated from YouTube on June 1st 2007 as a result of their copyright claim.

Jeff Puritt's affidavit in document 50.3 is a conflict of interest. Mr. Puritt was the judge in the American Idol spoof that critiqued a performance by an employee dressed as Shania Twain. He mocked the size of her breasts, invited her up to his room to perform oral sex on him while sporting his wedding band for everyone in the audience to see.

Craig Volker's affidavit document 50.4 is flawed. The videos of Telus Idol were not just kept in a locked vault. They were put on the Telus employee network because the employees who missed the event were required to watch it as part of their training. They only took it down when it received media attention because no husbands, wives or significant others were allowed to attend the conference. Yet they bragged about what happened at the conference throughout the company on their internal network.

Ron Pearce's affidavit document 50.5 is also flawed. Darren Entwistle cannot avoid legal liability for the content of Telus Idol when he attended the conference, was seen dancing on stage at the finally and with one of the female employees lying at his feet when she sang  Avril Lavigne's copyrighted song Skater boy as a tribute to Mr. Entwistle. Submitting a fake registration certificate does not give Telus the copyright to Avril Lavigne's song. Mr. Entwistle watched the Telus Idol video and approved it for posting as a training video on Telus' employee network. He needs to be made accountable.

If I was to write a book and mail it to myself, that would be a form of copyright. I could prove that I was the one who wrote that book on that date. However, if I was to write a book plagiarizing another book, then mail myself a copy of that plagiarized work, that act of copyright registration would not transfer the copyright from the original owner to me.

On page 11 of document 51 they take a quote completely out of context from a local radio show I was on. The transcript of which is found in document 50.7.

They quote a conversation on air between myself and Christy Clark. The reason the radio show did the interview was because they thought it was astonishing that a large corporation could take videos off YouTube that they had no possible copyright claim on. They found out about the story after Canadian Free Speech lawyer Michael Geist wrote about it in his blog and a local paper picked up on the story.

The quote from document 51 starting on page 11 in essence is about Ms. Clark stating that Telus may have an argument for copyright infringement on some of the stuff and I agreed naming Telus Idol. I said they have a legitimate claim there. Please read on.

I said that one could conceive that there was an argument about copyright on Telus Idol although I dispute that argument. The point of my statement and the quote was to emphasize that the other videos they had taken off there was no possible or conceivable copyright claim on. The intent of my statement was not to say Telus Idol was copyright protected. If you read on in the interview you can see that.

Speaking of document 50.7 they have provided my witnesses' testimony. Jeff Morris was an employee at Telus who was demoted after complaining about Banff 2000. Another sales conference Darren Entwistle held where Mr. Morris was forced to watch obscene clips from R rated movies.

He called in to the talk show I was on and raised the valid concern about being an employee who was forced to watch the video as part of their training. He was the one that filed the sexual harassment complaint about Telus Idol that never went any where and gave me a copy of the extended version of Telus Idol asking me to help raise public

awareness since the inappropriate behavior at Telus hasn't stopped even with the promised sexual harassment training.

Mr. Morris has also submitted an affidavit confirming and expanding on his concerns raised on the radio show along with his address and phone number. If I submit it correctly it should be document 52.1

Please also note that the other witness who called in to the radio show as recorded in the transcript document 50.7 was Lori Ruggles. Another employee from Telus who expressed concerns about Telus' treatment of female employees and also testified that the inappropriate behavior at Telus hasn't stopped even with the sexual harassment training.

In the conclusion of the Memorandum document 51, they claim that Telus' Motion for Summery Judgment should be granted in it's entirety. That is absurd and offensive. Costs are a major issue.

Before this trial I made an offer to Ronald Lopez without prejudice. I told him if they withdrew their application and allowed the other videos to be put back on YouTube I would back off on Telus Idol. Simply because I can't afford to pay legal costs as a struggling single parent during a world wide recession. I also told him that if this case is litigated, my position is that Telus Idol should go back on YouTube.

Mr. Lopez refused my offer making this litigation necessary. If he had accepted my offer the whole litigation would have been avoided. Knowing that and billing me for costs is simply wrong. It is also wrong because it assists the erosion of the constitution where people are forced to forfeit their first amendment rights because they can't afford a trial when a large corporation can. It violates the constitution which says No state shall deny any person within it's jurisdiction equal protection of the law. A rich man and a poor man are supposed to have equal protection of the law. Right now that isn't happening.

Telus does profit in the billions. I have been reverted to part time and can only get 25 hours a week at work. I can barely pay rent not to mention my son's youth symphony fees. Making me pay costs would not only be unjust it would be impossible. Putting me in jail would be the only recourse. Yet putting me in jail for complaining about Telus' fraudulent removal of videos they had no possible copyright claim on and for complaining about Darren Entwistle's sexual harassment in Telus Idol, when I was asked to do so by numerous employees, would be absurd and shameful.

The United States in not the only country in the world with a First Amendment. Canada has the Charter of Rights which also guarantees free speech. The WIPO is already corrupt. They recently appointed a Canadian corporate lawyer as an arbitrator in a domain name dispute with Telus. The Canadian corporate lawyer violated all the existing case law and awarded in Darren Entwistle's favor censoring the internet yet again. When the courts continue to mock the constitution and award in large corporations' favor as they continue to oppress, censor and commit corporate crimes, then the constitution becomes meaningless.

The intent of copyright laws are to protect authors, actors and musicians from having their books, music or movies stolen which is a very real concern in our digital age. The intent of those laws is not to censor the internet.

When the courts are in contempt for violating the highest laws of their land, the constitution and the charter of rights, innocent people suffer. Natural justice will not be mocked forever. In a democratic society the governments are elected to create just laws to protect the people not to enslave them.

## Conclusion

Telus has not shown that it owns the copyright to Telus Idol. The Plaintiff has refused to provide to the court copies of the infringing video clips even though they have them to satisfy their burden of proof. I have shown that there is somewhat more than a metaphysical doubt to the material facts. In reality there is no doubt. They committed fraud and perjury to which their proposed order is an admission of guilt.

They don't even own the copyright to Telus Idol. They have not shown the copyright registration for Telus Idol simply because it does not exist. I ask that their Motion for Summery Judgment be dismissed in it's entirety with costs. They pay their costs, I pay mine. That would be fair. If such a word still exists in our troubled world.

**Dated: October 11 2009**             By    **DW**_____
                                             Dennis Watson - Defendant